IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DRAYTON NABERS, JR., AS RECEIVER
FOR EMERGYSTAT, INC., EXTENDED
EMERGENCY MEDICAL SERVICES, INC.,
AND MED EXPRESS OF MISSISSIPPI, LLC                              PLAINTIFF

V.                                        CIVIL ACTION NO. 3:09-cv-00070-CWR-FKB

J. ED MORGAN, IN HIS OFFICIAL CAPACITY
AS CHAIRMAN AND COMMISSIONER OF THE                              DEFENDANT
MISSISSIPPI STATE TAX COMMISSION

### ORDER DENYING MOTION FOR STAY PENDING APPEAL

The above-styled matter is before the Court on the defendant's Motion for a Stay of Enforcement of Judgment Pending Appeal [Docket No. 90]. The Court has reviewed the parties' filings relevant to the request and finds that the motion should be denied.

In February 2009, Drayton Nabers – the duly appointed receiver for Emergystat, Inc., and related entities – filed suit against the Mississippi State Tax Commission in an effort to recover funds levied on by the Commission despite the existence of a third party's prioritized security interest. In time, the complaint was amended so that it dismissed the Commission but named two Commission officials.

On February 2, 2011, the U.S. District Court for the Southern District of Mississippi held [Docket No. 88] that the prior perfected security interest took precedence over any unsecured interest, no matter its legitimacy, held by the Commission. Toward that end, the Court granted injunctive and declaratory relief to Nabers against J. Ed Morgan, the chairman of the Commission. The Court entered a Final Judgment [Docket No. 89] that same day.

On February 8, 2011, Morgan (the only remaining defendant) filed a Motion for a Stay of

Enforcement of Judgment Pending Appeal [Docket No. 90] pursuant to Rule 62(b) of the Federal Rules of Civil Procedure. Nabers filed a response in opposition [Docket No. 94] on February 25, 2011.

>Rule 62(b) of the Federal Rules of Civil Procedure provides:
>
>**(b) Stay Pending the Disposition of a Motion.** On appropriate terms for the opposing party's security, the court may stay the execution of a judgment – or any proceedings to enforce it – pending disposition of any of the following motions:
>(1) under Rule 50, for judgment as a matter of law;
>(2) under Rule 52(b), to amend the findings or for additional findings;
>(3) under Rule 59, for a new trial or to alter or amend a judgment; or
>(4) under Rule 60, for relief from a judgment or order.

According to the memorandum supporting the defendant's motion [Docket No. 93], "Morgan and the State of Mississippi require adequate time to consider their legal options and to prepare and timely file either a Rule 59 Motion for Reconsideration or Notice of Appeal." Defendant's Memo at 3.

But this necessity is not the sort that entitles a party to a stay pending appeal. The Fifth Circuit has delineated a four-part test for use in evaluating the merits of a motion like that now before the Court.

>In order to obtain a stay pending appeal the moving party must demonstrate: (1) that it is likely to succeed on the merits; (2) that it would suffer irreparable injury if the stay were not granted; (3) that granting the stay would not substantially harm the other parties; and (4) that granting the stay would serve the public interest.

*Nat'l Treasury Emp. Union v. Von Raab*, 808 F.2d 1057, 1059 (5th Cir. 1987).

Notably, neither Morgan's motion nor the memorandum submitted in support thereof contains any discussion of this four-part test. But even viewed through the lens of the test, Morgan's argument fails to satisfy its requirements.

Morgan has not shown that the Commission would suffer irreparable injury without a

stay. Indeed, if he complies with the Court's final judgment, this inconvenience could not be deemed irreparable; even if the Court's decision ultimately is reversed on appeal, then Morgan can and should demand the return of the subject funds to the Commission.

Morgan also has not shown that granting the stay would not harm Nabers. Indeed, given the Court's conclusion that the Commission has violated a legal right of the receivership under Nabers' oversight, one could only conclude that a stay would visit harm upon Nabers' legal interests.

Moreover, Morgan has not demonstrated that a stay would serve the public interest above and beyond any other outcome. Although one certainly could argue persuasively that the public has an enormous interest in the collection of taxes, one could contend just as convincingly that the public enjoys a vested interest in the orderly recognition of prioritized security interests. Furthermore, granting the stay would continue to cause substantial harm to Nabers, who, for more than two years now, has been without the funds owed to him.

The only portion of the four-part test that can be described as having been addressed by the instant motion is the question of whether Morgan is likely to succeed on the merits of his appeal. But his argument fails to satisfy this inquiry as well. All of the positions taken within his motion amount to mere recitations of the arguments offered previously in support of his motion for summary judgment. For example, Morgan contends now, as he did then, that "there is no continuing violation of federal law" and that a stay on enforcement of the Court's order now should be granted because "the State is the real substantial party in interest[ ] and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." Def. Memo [Docket No. 93] at 3. But these suggestions are substantially identical

to those offered in support of the Commission defendants' motion for summary judgment. *See* Defendants' Memorandum in Support of Motion for Summary Judgment [Docket No. 65] at 14-15 ("the [sovereign immunity] exception only applies where the plaintiff . . . seeks prospective declaratory or injunctive relief"); *id.* at 18 ("There is no continuing violation of federal law to warrant the Plaintiff's ability to invoke the [sovereign immunity] exception in this matter."). Indeed, in the memorandum supporting the instant motion, Morgan introduces his arguments "[a]s [those] argued in the[ ] Memorandum in Support of Motion for Summary Judgment." Def. Memo [Docket No. 93] at 3. In other words, Morgan admits that the arguments supporting (in his view) his prayers are the same arguments that should have persuaded the Court to grant summary judgment in his favor.

Although Morgan clearly disagrees with this Court's rejection of those arguments, a mere repetition thereof falls short of demonstrating likelihood of success on appeal.

"A stay pending appeal is always an extraordinary remedy . . . ." *Brotherhood of Ry. and S.S. Clerks v. Nat'l Mediation Bd.*, 374 F.2d 269, 275 (D.C. Cir. 1966). Morgan has offered no argument, aside from those submitted months before in support of his motion for summary judgment, demonstrating that he is entitled to such relief. Therefore, Morgan's Motion for a Stay of Enforcement of Judgment Pending Appeal is denied.

SO ORDERED this fourth day of March 2011,

          /s/ *Carlton W. Reeves*
          Hon. Carlton W. Reeves
          United States District Court Judge