IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DRAYTON NABERS, JR., AS RECEIVER
FOR EMERGYSTAT, INC., EXTENDED
EMERGENCY MEDICAL SERVICES, INC.,
AND MED EXPRESS OF MISSISSIPPI, LLC                                    PLAINTIFF

V.                                          CIVIL ACTION NO. 3:09-cv-00070-CWR-FKB

J. ED MORGAN, IN HIS OFFICIAL CAPACITY
AS CHAIRMAN AND COMMISSIONER OF THE                                    DEFENDANT
MISSISSIPPI STATE TAX COMMISSION

**ORDER**

The above-styled matter is before the Court on the defendant's Motion for Reconsideration [Docket No. 100]. The Court has reviewed the arguments of both parties and has concluded that the motion should be denied.

On February 2, 2011, this Court handed down a Memorandum Opinion and Order [Docket No. 88] granting in part and denying in part the motions for summary judgment of both parties. A Final Judgment [Docket No. 89] was entered the same day. Aggrieved, defendant J. Ed Morgan moved the Court on March 2, 2011, to reconsider its ruling pursuant to Rule 59 of the Federal Rules of Civil Procedure. Morgan also has moved the Court to stay enforcement of the judgment [Docket No. 90] pending appeal pursuant to Rule 62(b).  After the Court took the unusual step of receiving surrebuttal memoranda from the parties, briefing on these additional matters was completed on April 18, 2011.

Motions for reconsideration serve a "narrow purpose." *Nationalist Movement v. Town of Jena*, 321 Fed. Appx. 359, 365 (5th Cir. 2009). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly

1

discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

Toward that end, Morgan advances six specific arguments: that this Court lacks subject-matter jurisdiction by virtue of an absence of full diversity among the parties, that the exceptions to the doctrine of sovereign immunity have not been satisfied, that the subject funds lie beyond the legal scope of plaintiff Nabers' reach, that Mississippi's setoff statute trumps any existing security interest, that the Uniform Commercial Code is inapplicable to the controversy at hand, and that the Eleventh Amendment bars the action because an award would be paid from the state treasury. Defendant's Memorandum in Support [Docket No. 101] at 2.

The final five arguments amount to no more than a reassertion of Morgan's case. Morgan has offered no specific authority demonstrating that the Court's February 2 decisions regarding these issues rest on clear error. Therefore, each of these arguments is rejected.

If the same could be said of the first argument, then this Court summarily would reject the motion in whole with little discussion because "Rule 59 motion[s] may not be used to relitigate old matters . . . ." *Mongrue v. Monsanto Co.*, 249 F.3d 422, 427 (5th Cir. 2001) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). However, the importance of the inquiry compels a deeper evaluation.

The nuance of that question is new to the Court. Typically, a motion for reconsideration is not a proper vehicle for an argument so late in its emergence. But Morgan raises the most fundamental question to litigation in federal court: subject-matter jurisdiction. The issue is central to the constitutional limit on the authority of federal courts, and therefore, it may be

2

raised at any time. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (permitting defendant's attack against diversity on appeal although "it *never* raised the issue before the district court") (emphasis added). As Judge Ozerden recently explained:

> Federal courts are courts of limited jurisdiction and must consider the question of subject matter *sua sponte* if not raised by the parties. . . . '[J]urisdiction goes to the core of the court's power to act, not merely to the rights of the particular parties. If jurisdiction could be waived or created by the parties, litigants would be able to expand federal jurisdiction by action, agreement, or their failure to perceive a jurisdictional defect . . . .

*L & F Homes Development, LLC v. City of Gulfport, Miss.*, 2011 WL 825750, *1 (S.D. Miss. 2011). Simply put, a court must address the issue of subject-matter jurisdiction no matter when it is raised. *Haskins v. Almore*, 2011 WL 345821, *1 (S.D. Miss. 2011).

When plaintiff Drayton Nabers filed his Amended Complaint [Docket No. 30] on September 18, 2009, he specifically claimed in Paragraph 6 that jurisdiction lay with this Court because "[c]omplete diversity of citizenship exists between the parties . . . ." Amended Complaint at 3. Morgan submitted his Answer [Docket No. 33] on October 13, 2009, wherein he averred that "[t]he allegations contained in Paragraph 6 of the Amended Complaint are admitted." Answer at 4. In perhaps any other context, such an admission would preclude Morgan's challenge, particularly at this late hour. But it is axiomatic that "subject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919. If subject-matter jurisdiction does not exist, then, notwithstanding a dilatory objection or a negligent admission, it simply does not exist.

In his Motion for Summary Judgment [Docket No. 64], Morgan argued that Nabers had failed to comply with Title 28, Section 754 of the United States Code, which vests jurisdiction over receivership property located outside that of the receiver's appointing court. In order to

3

avail himself of Section 754, a "receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located." Failure to satisfy that requirement "shall divest the receiver of jurisdiction and control over all such property in that district." 28 U.S.C. § 754.

Nabers has never contended that he satisfied Section 754. Instead, Nabers argued in response to Morgan's Motion for Summary Judgment that this Court enjoyed jurisdiction under Title 28, Section 1332(a)(1) of the United States Code, which vests "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]" Plaintiff's Response in Opposition [Docket No. 73] at 10. In its Order dated February 2, 2011, this Court agreed. Order at 9. The Court relied on an Order [Docket No. 86] entered on January 19, 2011, in which it held that "Section 754 exists to permit a receiver to pursue property beyond the bounds of the district in which he was appointed without the necessity of ancillary appointment. . . . But if jurisdiction lies with a court by means separate from Section 754, then one need not jump through its hoop simply for the sake thereof." Order [Docket No. 86] at 3. *See Donell v. Braun*, 546 F. Supp. 2d 1013, 1016 (D. Nev. 2008) ("Plaintiff is not required to demonstrate an independent basis of personal and subject matter jurisdiction *and* comply with the procedural requirements of section 754.") (emphasis in original).

For reasons offered for the first time in his Motion for Reconsideration, Morgan argues that the Court's analysis was in error. Specifically, Morgan argues that he cannot be considered a Mississippi resident, for purposes of Section 1332(a), and in support of his position, he refers to *Williams v. Morgan*, 710 F. Supp. 1080 (S.D. Miss. 1989), in which Judge Lee wrote:

> In his complaint, plaintiff alleged jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332[.] Had plaintiff sued defendant solely in his individual capacity, there would be diversity of citizenship. However, plaintiff has sued defendant not only in his individual capacity but in his official capacity as well. A suit against a public officer in his official capacity is, in all respects other than name, treated as one against the entity of which he is an officer. And since a state is not a "citizen" for purposes of diversity jurisdiction, if an agency against which suit is brought is not independent but is simply an alter ego of the state, then that agency, likewise, cannot be considered a "citizen" in order to create diversity jurisdiction.

*Id.* at 1082 (relying on *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), and *Tradigrain, Inc. v. Mississippi State Port Auth.*, 701 F.2d 1131, 1132 (5th Cir. 1983)).

Morgan argues accurately that "[a]s long as [a] government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166. Likewise, Morgan is correct that "a suit between a State and a citizen of another State is not a suit between citizens of different States for purposes of diversity of citizenship jurisdiction." *Illinois v. City of Milwaukee*, 406 U.S. 91, 97 n.1 (1972). Therefore, because Nabers sued Morgan in his official capacity, Morgan contends that he cannot be considered a Mississippi citizen for purposes of illustrating diversity of the parties.

Nabers responds that the hour of this argument's arrival is too late. According to Nabers, Morgan's "new, post-judgment effort to seek reconsideration based on a new legal theory flatly inconsistent with his prior fact admissions is wholly improper; these are matters [of] which he is or should have been aware throughout the case and his new legal argument is flatly contrary to his own factual admissions." Plaintiff's Memorandum in Opposition to Motion for Reconsideration [Docket No. 119] at 9-10. Were the issue at hand perhaps any other, then this Court would be compelled to agree. But the time to raise the absence of subject-matter

jurisdiction never passes. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Nabers' second retort is more persuasive. Nabers concedes that "[i]f suit is brought against an agency which is merely an alter ego of the state, it follows that federal [diversity] jurisdiction is . . . lacking. On the other hand, if the agency is an independent one, separate and distinct from the state, the district court can properly proceed to the merits." *Tradigrain, Inc. v. Mississippi State Port Auth.*, 701 F.2d 1131, 1132 (5th Cir. 1983). "In determining whether the agency is an alter ego of the state or an independent agency, the essential question is whether the state is the real party in interest in the lawsuit." *Id.*

For purposes of determining the existence *vel non* of subject-matter jurisdiction, this is the point where the proverbial rubber meets the road. As it has been throughout the instant case's existence, the question is a close one. The above-styled case has visited the chambers of two district judges, and during its first assignment, Judge Lee struggled with the issue before ultimately holding that the State of Mississippi was not the true party in interest. *See Nabers v. Mississippi State Tax Comm'n*, 665 F. Supp. 2d 692, 698-99 (S.D. Miss. 2009). Like Judge Lee, this Court recognizes the reasonable arguments on both sides of that question, but ultimately, out of fidelity to the law-of-the-case doctrine, the inquiry as to whether the state is the true party in interest must be answered in the negative.[1]

That determination compels the conclusion that, in this case, the Department of Revenue is not a mere alter ego of the State of Mississippi, and therefore, that its chairman may be sued in

---

[1] As did Judge Lee, this Court "finds persuasive Nabers' argument that the relief he seeks will not effectively result in monetary damages being paid from funds *belonging* to the state, but rather it will result in the Receiver recovering collateral that rightfully *belongs* to the federal receivership estate and not [Morgan]." *Nabers*, 665 F. Supp. 2d at 699 (emphasis added).

his official capacity in federal court under a theory of diversity jurisdiction.

Therefore, Morgan's Motion for Reconsideration is denied.

Additionally, because none of the applications that qualify for a stay under Rule 62(b) remains pending, Morgan's Motion for a Stay of Enforcement of Judgment Pending Appeal [Docket No. 90] is dismissed as moot.

SO ORDERED this Seventeenth day of May 2011.

                                                              /s/ *Carlton W. Reeves*

                                                              Hon. Carlton W. Reeves
                                                              United States District Court Judge